UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOEL RIVERA,

        Petitioner,

  v.                                               Case No. 19-cv-1840-pp

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

**I.    Background**

On September 27, 2017, a jury found the petitioner guilty of two counts of Hobbs Act Robbery under 18 U.S.C. §§1951 and 2 and two counts of brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. §924(c)(1)(A) and (C)(i). United States v. Joel Rivera, Case No. 17-cr-57 (E.D. Wis.), Dkt. No. 115 at 1. It also found that that the firearm in the §924(c) counts was brandished (as opposed to used or carried). Id., Dkt. No. 84 at 3. The petitioner filed a motion for a judgment of acquittal under Rule 29(c)(1), or alternatively, for a new trial under Rule 33(a), on the four counts of conviction. Id., Dkt. No. 100. He argued that (1) the evidence supporting his convictions was insufficient and (2) the jury should have disregarded certain testimony as unreliable. Id. at 11-16.

On January 12, 2018, the court denied the petitioner's motions for acquittal and for a new trial, concluding that the petitioner had not met his burden under either Rule 29(c)(1) or Rule 33(a) to show that the evidence was

1

insufficient or incredible. Id., Dkt. No. 111 at 5. The court sentenced the petitioner to serve forty-eight months each on the two Hobbs Act Robbery counts, to run concurrently with each other; eighty-four months on the first §924(c) count to run consecutively to the forty-eight-month sentence on the robberies; and 300 months on the second §924(c) count to run consecutively to the other sentences, for a total sentence of 432 months of incarceration followed by five years of supervised release. Id., Dkt. No. 115 at 2. The court entered an amended judgment on January 25, 2018. Id., Dkt. No. 115.

The petitioner appealed, id., dkt. no. 116, challenging the district court's denial of his motions for an acquittal and for a new trial, id., dkt. no. 138 at 10. The petitioner argued that (1) "[e]ven when viewed in the light most favorable to the verdict, the evidence presented at trial utterly fail[ed] to establish [the petitioner's] guilt beyond a reasonable doubt on any of the counts" of conviction, USA v. Joel Rivera, Seventh Circuit Court of Appeals Case No. 18-1187, dkt. no. 14 at 26 (available at https://ecf.ca7.uscourts.gov); and (2) the district court abused its discretion when it denied the petitioner's motion for a new trial because "the district court misconstrued and thus misapplied the test applicable to new trial motions," id. at 31.

On September 18, 2018, the Seventh Circuit affirmed the judgment of the district court. United States v. Joel Rivera, Case No. 17-cr-57, Dkt. No. 138. The court found that the district court reasonably denied both motions, noting that (1) the evidence presented at trial was ample and sufficient to sustain each of the petitioner's convictions, (2) the jury decided to credit a disputed witness's testimony and (3) the district judge "agreed with the jury's decision to credit portions" of that testimony. Id. at 11-16. On November 23, 2018, the petitioner filed a petition for writ of *certiorari* in the U.S. Supreme

Court. Case No. 18-7303 (available at https://www.supremecourt.gov). Three months later, the Supreme Court denied the petition. Id.

On December 16, 2019, the petitioner filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. <u>Joel Rivera v. United States</u>, Case No. 19-cv-1840, Dkt. No. 1. The motion raises three "grounds," or issues: (1) that this court erred in upholding the petitioner's convictions for aiding and abetting the armed robberies because there was a lack of evidence to support the convictions, (2) that this court abused its discretion when it denied his motion for a new trial because the co-defendant's testimony was not credible or corroborated, and (3) that the U.S. Supreme Court's decision in <u>United States v. Davis</u>, __ U.S. __ , 139 S. Ct. 2319 (2019) requiresd that his conviction be reversed. Dkt. No. 2 at 8.

Because it plainly appears to the court that the petitioner's claims do not entitle him to relief under 28 U.S.C. §2255(a), the court will deny the motion to vacate, set aside or correct his sentence and dismiss the case.

**II.  Analysis**

    A.  <u>Standard</u>

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized

3

by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period. It appears the petitioner filed his §2255 motion within one year of his judgment becoming final under 28 U.S.C. §2255(f)(1).

For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

If the petitioner raised the claim on direct appeal, the "law of the case" doctrine dictates that a Circuit Court of Appeals' decision becomes binding when that defendant later raises the same claim through a §2255 motion to vacate, set aside or correct a sentence. Fuller v. U.S., 398 F.3d 644, 648 (7th Cir. 2005) (citing United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986)).

B.  Insufficiency of the Evidence Claim

The petitioner asserts that the evidence presented at trial did not prove that he was guilty of the counts of conviction. Dkt. No. 2 at 15. In his direct appeal, the petitioner presented to the Seventh Circuit the same sufficiency of the evidence argument he now makes in this §2255 motion. The appellate

4

court considered and rejected those arguments. "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.' *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (quoting *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds)." Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). "Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford*, 975 F.2d at 313." Id. at 935-936. There is no basis for the court to grant relief on this claim.

  C. Abuse of Discretion Claim

The petitioner argues that this court should have granted his motion for a new trial because his co-defendant's testimony was not credible. Dkt. No. 2 at 35. Again, the petitioner raised this claim in his direct appeal to the Seventh Circuit, and the Seventh Circuit rejected it. There is no basis for the court to grant relief on this claim.

  D. United States v. Davis Claim

Finally, the petitioner contends that the court must vacate his §924(c) convictions for brandishing a firearm during a crime of violence because Hobbs Act robbery cannot constitute a crime of violence under United States v. Davis, 139 S. Ct. 2319 (2019). Dkt. No. 2 at 8. The petitioner raises this claim for the first time in the §2255 motion.

> A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Likewise, a § 2255 appellant cannot raise for the first time on appeal a claim not presented to the district court in the § 2255 proceedings below. *Pierce v. United States*, 976 F.2d 369, 371 (7th Cir. 1992). A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 71 (7th Cir. 2013); *Gant v. United States*, 627

5

> F.3d 677, 683 (7th Cir. 2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

<u>McCoy v. United States</u>, 815 F.3d 292, 295 (7th Cir. 2016).

Normally, the doctrine of procedural default would bar the petitioner's final argument, because he did not raise it before this court or the Seventh Circuit. But the petitioner may overcome procedural default if he can show that he had cause for his failure to raise the issue earlier and actual prejudice. <u>Cross v. United States</u>, 892 F.3d 288, 294 (7th Cir. 2018) (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). The petitioner easily can show cause for his failure to raise the <u>Davis</u> argument at trial or on appeal. "A change in the law may constitute cause for procedural default if it creates 'a claim that is "so novel that its legal basis is not reasonably available to [trial or appellate] counsel."'" <u>Id.</u> (citing <u>Bousley</u>, 523 U.S. at 622). The Supreme Court decided <u>Davis</u> on June 24, 2019—twenty-one months after the jury returned its verdict and seventeen months after the court ruled on the post-trial motions and imposed sentence. So the <u>Davis</u> decision was not reasonably available to the petitioner's trial counsel or appellate counsel, and he has stated cause for the procedural default.

But the petitioner cannot show prejudice. Section 924(c) of Title 18 "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crime.'" <u>Davis</u>, 139 S. Ct. at 2324. The statute defines a "crime of violence" in "two subparts—the first known as the elements clause, and the second [known as] the residual clause." <u>Id.</u> Section 924(c)(3)(A) is the "elements" clause; it defines a "crime of violence" as

6

an "offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B) is the "residual" clause; it defines a "crime of violence" as a felony,

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In <u>Davis</u>, the Supreme Court held that the "residual" clause—§934(c)(3)(B)—was unconstitutionally vague, because it required a judge to imagine the "ordinary" circumstances of whatever the underlying crime may have been and then "guess" whether that crime would, "by its nature," involve a substantial risk that physical force against the person or property of another might be used in the court of committing it. See <u>Davis</u>, 139 S. Ct. at 2325-26.

The petitioner argues that "robbery" as defined in 18 U.S.C. §1951—the Hobbs Act—encompasses more conduct than what is listed in the elements clause of §924(c)(3)(A) because a Hobbs Act robbery can be committed without force. <u>Id.</u> at 29. He asserts, therefore, that Hobbs Act robbery is not a "crime of violence" under §924(c)(3)(A). The Seventh Circuit has rejected this argument several times post-<u>Davis</u>. See <u>United States v. Brown</u>, 973 F.3d 667, 697 (7th Cir. 2020); <u>Oliver v. United States</u>, 951 F.3d 841, 847 (7th Cir. 2020); <u>Velez v. United States</u>, 793 F. App'x 453, 454 (7th Cir. 2020); <u>United States v. Ingram</u>, 947 F.3d 1021, 1025-26 (7th Cir. 2020); <u>United States v. Fisher</u>, 943 F.3d 809, 815 (7th Cir. 2019); <u>United States v. Fox</u>, 783 F. App'x 630, 632 (7th Cir. 2019) ("[W]e have confirmed that a Hobbs Act robbery is a crime of violence under the still-valid 'elements clause' of §924(c)."); <u>United States v. Rogers</u>, 781 F. App'x 559, 560 (7th Cir. 2019); <u>Haynes v. United States</u>, 936 F.3d 683, 690 (7th Cir. 2019) ("Hobbs Act robbery is a categorical crime of violence under §924(c)

7

because it has as an element the actual, attempted, or threatened use of force.").

The Seventh Circuit has had numerous opportunities since the Supreme Court's decision in Davis to change its position on whether Hobbs Act robbery constitutes a crime of violence under the elements clause of §924(c)(3)(A). It has not done so. Seventh Circuit precedent binds this court.

The petitioner also asserts that he "was charged and tried" merely "as an 'aider and abett[o]r.'" Dkt. No. 2 at 23. He asserts that if he was an aider and abettor, and not the person who brandished the firearms during the robbery (that was his co-defendant), he cannot be punished for brandishing a firearm during a crime of violence. "But aiding and abetting is an alternative theory of liability for an offense, so one who aided and abetted robbery still committed that crime of violence." United States v. Grissom, 760 F. App'x. 448, 454 (7th Cir. 2019) (citing 18 U.S.C. §2); see also Brown, 973 F.3d at 697.

Because the Davis decision does not afford the petitioner relief, he cannot show that he was prejudiced by the failure of this court and the Seventh Circuit to consider it.

The petitioner's first two grounds have no merit because the Seventh Circuit has decided them, and his final ground has no merit because he cannot demonstrate prejudice resulting from his procedural default. The court will deny the motion.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of

8

a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the motion to vacate, set aside or correct his sentence is plainly not entitled to relief under 28 U.S.C. §2255(a).

### IV. Conclusion

The court **ORDERS** that the petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 is **DENIED**. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED with prejudice**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**